## Swick's Nomination.

*Election laws—Keeping polls open after time for closing—Act of April 16, 1903.*

1. The election officers have no right to keep the polls open at a primary election after 7 P. M.

2. If election officers at a primary election keep the polls open after 7 P. M., and permit persons to vote other than those within the enclosed space who have received ballots but have not yet deposited them, the nomination will be declared invalid, even though the election officers acted without fraudulent intention, and honestly believed that they were doing what ought to be done under the peculiar circumstances of the case.

The 23rd section of the Act of June 10, 1893, as amended April 16, 1903, P. L. 213, considered.

A contested nomination for the office of burgess in a borough. Q. S. Lawrence Co., Sept. Sess., 1921, No. 169.

*William E. Porter* and *Wylie McCaslin,* for contestant.

*A. Martin Graham* and *J. W. Rhodes,* for respondent.

EMERY, P. J., Nov. 3, 1921.—Ellwood City is composed of four wards, and each ward is an election district. At the primary election held in said borough Sept. 20, 1921, Benjamin G. Swick and Victor H. Grove and three others were candidates on the Republican ticket for burgess. Totaling the four wards, Swick received 580 votes and Grove received 563 votes. In the 1st Ward Swick received 225 votes and Grove received 118 votes. Grove contested Swick's nomination, alleging irregularities in the 1st Ward.

In the 1st Ward, the election officers received from the county commissioners a package purporting to contain more than 700 Republican ballots, but it actually contained less than 300 ballots. No fraud was alleged in the matter of this discrepancy, and none existed. There was an unexplained mistake somewhere.

In said 1st Ward, at about 3 o'clock in the afternoon, the supply of Republican ballots became exhausted. It was about 6 o'clock in the evening before Republican ballots were supplied to the election officers. During the time that the election officers had no Republican ballots, several qualified Republican electors asked for and were refused Republican ballots.

At 7 o'clock in the evening said election officers announced that the polls were closed, but they actually permitted Republican electors to enter the polling-place and received Republican ballots and marked and deposited them in the ballot-box until about 8.20 P. M. No attempt was made to prove fraud on the part of the election officers. They acted in the honest belief that they were doing the right thing under the circumstances. The case turned on an interpretation of the 23rd section of the Act of June 10, 1893, P. L. 430, as amended by the Act of April 16, 1903, P. L. 213.

### Order of court.

Now, Nov. 3, 1921, after hearing and argument, we are of opinion that by reason of the fact that many votes were cast and received by the Election Board of the First Election District of the Borough of Ellwood City at the primary election on Sept. 20th last, after 7 o'clock P. M., when the polls should have been legally closed, the election held in said district is illegal and void, and the entire vote of said district is not entitled to be counted, but should be rejected.

It is, therefore, ordered and adjudged that the votes cast at the primary election held Sept. 20, 1921, in the First Election District of the Borough of

Swick's Nomination.

Ellwood City, Lawrence County, Penna., be rejected and not counted in determining what persons were nominated for the office of burgess voted for at said election in the said Borough of Ellwood City.

From William McElwee, Jr., New Castle, Pa.